**EXHIBIT 3**

Case 1:26-cv-24508-CMA   Document 1-4   Entered on FLSD Docket 06/30/2026   Page 2 of 7

**SECURED PROMISSORY NOTE**
**[Balloon Payment Required]**

$1,250,000                                                                July 1, 2025

  FOR VALUE RECEIVED, DIAMOND BRIGHT CAR CARE, LLC, a Connecticut limited liability company, Flex Auto Rentals, LLC, a Florida limited liability company,  and Corrado Vaccaro, and individual (collectively the "Borrower") hereby promise to pay to the order of JSFMP XII, LLC, a Florida limited liability company, or its successors and assigns ("Lender"), in legal tender of the United States, the principal amount of ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 ($1,250,000.00), which shall be due and payable upon the following terms and conditions.

  1. **Principal Amount:**  As of the date set forth above, the Principal Amount of this Secured Promissory Note (this "Note") is $1,250,000.00 (the "Principal Amount).

  2. **Purpose of Loan:**  The proceeds of this Loan are for commercial purposes only to be used in connection with Borrower's acquisition and resale of luxury vehicles (the "Vehicles") and are not in any way intended to be used and shall not be used for any personal or consumer purposes.

  3. **Payment Terms:**

  (a) **Maturity Date:** The full outstanding Principal Amount and any accrued interest on this Note, as well as any other amounts due hereunder, are due and payable on June 30, 2027 (the "Maturity Date").

  (b) **Interest Rate:** This Note shall bear interest at the per annum rate of twenty percent (20%) compounded daily.  Interest shall be computed based on a 365-day year and payable for the actual number of days elapsed for any whole or partial month.

  (c) **Default Interest Rate:**  Upon any written Event of Default, as defined below, this Note shall, at Lender's sole option, bear interest at the rate of twenty-four and nine tenths percent (24.9%) per annum compounded daily until such time as 100% (all) of all amounts due and owing under the Note are paid in full.

  (d) **Amount and timing of Payments:**

  (i) Borrower shall make interest only payments on the Note, in the amount of $20,833.33 on the first day of each month,  beginning on August 1, 2025  All amounts outstanding under the Note, including any accrued and unpaid interest, will be paid in full on the Maturity Date, by a single balloon payment.

  (e) **Allocation of Payments:** All payments hereunder shall, at the option of the Lender (in its sole discretion), be first credited to any late fees or other charges due, and processing/enforcement/collection charges permitted hereunder, then to interest due (at the normal rate and/or default rate, as applicable), and any remainder will be credited to unpaid principal.

  (f) **Manner of Payments:**  All payments made by Borrower to Lender shall be made in immediately-available funds by wire transfer to Lender's bank account pursuant to written, telephone-verified instructions from Lender, or as otherwise instructed in a signed, telephone-verified writing by Lender, by 2:00 p.m. Eastern time on the due date.  Payments received after such time may be credited to the next succeeding business day.

(g) **No Prepayment**: Borrower may not prepay any or all amounts due and owing under this Note at any time unless such payment includes the total Principal amount, plus all interest that would be due and owing under this Note for the full term if prepayment were not made, plus any costs or attorneys' fees incurred by the Lender in connection with such prepayment.

(h) **Late Fee**: If Borrower fails to make any payment hereunder, in whole or in part, on its due date, then Borrower agrees to pay a late fee of $1,000.00 per day to Lender during the grace period before such non-payment constitutes an Event of Default as set forth below.

3. **Security Interest/Collateral**: As security for Borrower's payment of all amounts due and owing under this Note, Borrower shall obtain and deliver to Lender titles to Vehicles acquired by Borrower or Flex Auto Rentals, LLC, with an aggregate wholesale/liquidation value of $2,000,000.00, which such titles shall be approved by Lender in its sole discretion and shall expressly identify and reflect Lender's lien on and against each Vehicle (the "Collateral"). If Lender does not approve any such title provided as Collateral, Borrower shall provide to Lender an alternative title that meets with Lender's satisfaction. Funding of this Note shall not occur until the Collateral has been delivered to Lender. Lender shall hold such Collateral in escrow pending payment in full by Borrower of this Note. If, during the term of this Note and while Borrower is not in default of this Note, Borrower sells any Vehicle for which Lender holds the title as Collateral hereunder, Lender shall release the title to Borrower, along with any necessary documentation as to the release of Lender's lien on such title, and Borrower shall immediately substitute and deliver to Lender a title to another comparable Vehicle, as approved by Lender. If, upon the Maturity Date, Borrower timely pays all amounts due and owing on this Note to Lender, Lender shall release to Borrower the Collateral, along with any necessary documentation releasing Lender's liens on the Collateral. If, at any time, Borrower defaults on its obligations under this Note, Lender may, at its sole discretion, accelerate all amounts due and owing under the Note and take appropriate steps to repossess the Collateral and foreclose on Lender's liens, including selling such Vehicles on such terms as Lender deems desirable, and retain all proceeds thereof toward satisfaction of Borrower's obligations under this Note.

4. **Event of Default**: An Event of Default shall mean and refer to the following:

(a) Borrower's failure to make any monthly interest payment within three (3) business days of the due date;

(b) Borrower's failure to pay the Note in full on the Maturity Date;

(c) Borrower's failure to provide the Collateral or to substitute such Collateral as required in Section 3 above;

(d) Borrower's failure to comply with any provision of the Loan Agreement dated of this same date between Borrower and Lender, if such failure is not cured by Borrower within three (3) days of written notice of breach.

(e) Any breach by Borrower of any representation, warranty, or covenant in this Note;

(f) Any claim, lien, encumbrance, or other demand made against any of the Collateral provided to Lender hereunder;

(g) Any breach or violation by Borrower of any other obligations under this Note;

(h) Any change of control of Borrower; or

2

Case 1:26-cv-24508-CMA   Document 1-4   Entered on FLSD Docket 06/30/2026   Page 4 of 7

(i) If Borrower becomes the subject of a voluntary or involuntary Bankruptcy Proceeding, or there is a material adverse change in Borrower's financial condition, or Lender reasonably believes the prospect or payment or performance of any obligation hereunder is materially impaired and Borrower fails to provide reasonable assurances to Lender of its ability to perform.

5. **Acceleration and Sale of Collateral**: If any Event of Default occurs herein, then Lender may, at its sole option, charge Borrower the default rate of interest and/or accelerate all amounts of principal and interest due and owing under this Note. The Lender may, at its sole discretion bring appropriate legal action against Borrower to recover all sums due and owing under this Note and/or provide appropriate notice to Borrower to take possession of the Collateral, sell the Collateral at a public or private sale, retain the proceeds of such sales, and seek a deficiency judgment, if such proceeds are not sufficient to satisfy Borrower's obligations under this Note.

6. **Fees and Costs:** Borrower shall pay all costs and expenses incurred by Lender in processing and collecting sums due under this Note after an Event of Default, including reasonable attorneys', witnesses', and court fees (whether or not legal proceedings are initiated). Without limiting the foregoing, if Lender sues to enforce this Note, or obtain a declaration of its rights hereunder, or foreclose on the Collateral, Lender shall be entitled to recover its reasonable attorneys' fees and costs incurred in such proceeding (including those incurred in any Bankruptcy Proceeding, garnishment proceeding, or appeal).

7. **Jurisdiction; Venue:**

(a) This Note and all rights and obligations of the parties hereunder, and all related disputes among the parties, shall be solely governed by, and construed and interpreted in accordance with, the laws of the State of Florida (without regard for conflict-of-law rules).

(b) Borrower hereby consents to the exclusive jurisdiction of any State or federal courts located in Miami-Dade, Florida for any action arising under or relating to this Note. Borrower waives personal service of any and all process upon it and consents that all such service of process be made by certified or registered mail directed to such Borrower, and service so made shall be deemed to be completed upon actual receipt thereof.

(c) Borrower knowingly, intentionally, and voluntarily waives any objections to jurisdiction and venue of any action instituted against such Borrower provided herein and agrees not to assert any defense based on lack of jurisdiction or venue.

8. **Assignment:** Lender shall have the right at any time to assign all or any portion of its rights and obligations hereunder to one or more participants, assignees or purchasers, and Borrower hereby agrees to be bound by the terms of the Note subsequent to any such transfer and that the terms of the Note may be fully enforced by any such subsequent holder or holders of this Note. Borrower shall not transfer, assign, or delegate their rights or obligations under this Note without Lender's prior, written consent (in its sole discretion), and any transfer, assignment, or delegation without such consent shall be (at Lender's option) void or voidable.

9. **Non-Waiver; Cumulative Remedies:**

(a) Lender's delay or failure to exercise any of its options or any other rights hereunder shall not constitute a waiver thereof, nor shall it be a bar to the exercise of any of its options or rights at a later date, nor shall it constitute an implied or express novation or amendment hereof, and Borrower hereby waives any statute, common-law doctrine, or other expression of law to the contrary. All rights and remedies of Lender shall be cumulative and may be pursued singly, successively or together, at Lender's option. No

single or partial exercise of any right or power hereunder shall preclude other or further exercise thereof or the exercise of any other right or power, or of that same right or power on future occasions. Nothing in this Note shall be construed as an express or implied agreement by the holder to forbear in the collection of any delinquent payment, nor be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder (even upon paying all applicable late fees, default interest, and costs of enforcement/collection).

(b)     Borrower is and shall be obligated to pay principal, interest and any and all other amounts payable hereunder absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff. In the event that at any time any payment received by Lender hereunder shall be deemed by a court of competent jurisdiction to have been a voidable preference or fraudulent conveyance under any bankruptcy, insolvency, receivership, or other debtor relief law (a "Bankruptcy Proceeding"), then the obligation to make such payment shall survive any cancellation or satisfaction of this Note or return thereof to Borrower and shall not be discharged or satisfied with any prior payment thereof or cancellation of this Note, but shall remain a valid and binding obligation enforceable in accordance with the terms and provisions hereof, and such payment shall be immediately due and payable upon demand.

10.     **Representations and Warranties**.  Borrower hereby represents, warrants, and covenants to Lender as of the date hereof as follows:

(a)     Borrower has received or had the full opportunity to receive independent legal advice from attorneys of its choice with respect to the advisability of making this Note.  Any rule of construction that a provision herein should be interpreted against the drafter or editor of a particular provision shall not apply.

(b)     Borrower has taken all necessary personal, statutory, trust, and/or corporate action to authorize the execution, delivery and performance of this Note and each and every other agreement, document and instrument (if any) contemplated herein.  Borrower's obligations herein constitute the legal, valid and binding obligations of such Borrower, enforceable in accordance with this Note's terms (subject to principles of equity and the effect of bankruptcy and insolvency laws).

(c)     No consent, license, permit, order, approval or authorization of any governmental authority or third party is required in connection with the execution, delivery and performance of this Note. The execution, delivery or performance of this Note will not, with or without the giving of notice and/or the passage of time:  (i) violate any provision of law applicable to the Borrower (including applicable usury laws, if any), or (ii) conflict with or result in the breach or termination of, or constitute a default under or pursuant to, Borrower's charter documents, nor any judgment, order, injunction, decree or ruling of any court or governmental authority, nor any other agreement or instrument by which Borrower is bound or to which it is subject.

(d)     Borrower holds or will hold valid and legal title to the Collateral free and clear of all liens, encumbrances, or claims, and there is no litigation, investigation, or proceeding pending, or to the knowledge of Borrower, threatened, before any court or other governmental body against the Borrower or the Collateral.

(e)     Borrower is not insolvent, nor will not be rendered insolvent by signing, delivering, or performing under this Note (including paying any amounts due hereunder).  Immediately after entering into this Note and making all such payments: (i) Borrower will be able to pay its liabilities as they become due in the usual course; and (ii) Borrower will not have unreasonably small capital with which to conduct

Case 1:26-cv-24508-CMA   Document 1-4   Entered on FLSD Docket 06/30/2026   Page 5 of 7

Case 1:26-cv-24508-CMA Document 1-4 Entered on FLSD Docket 06/30/2026 Page 6 of 7

its business or other activities. Borrower is not in a Bankruptcy Proceeding, nor has any intention to initiate the same or knowledge of any third party's intention to initiate the same against Borrower.

11. **Indemnity:** Borrower shall defend, indemnify and hold Lender harmless from and against any claims, demands, lawsuits, actions, proceedings, or any other liability or obligation arising from or relating to the Collateral, including Lender's holding the Collateral in escrow and/or Lender's disposition of the Collateral upon an Even of Default hereunder. Such defense and indemnity obligations include payment of all legal costs, attorneys' fees, and related expenses that Lender occurs in connection with the Collateral, and payment of any and all damages, penalties, sanctions, settlements, or any other losses incurred by or entered against Lender in connection with any Collateral.

12. **Miscellaneous:**

(a) TIME IS OF THE ESSENCE AS TO BORROWER'S OBLIGATIONS. Any extension of time granted to Borrower to pay any sum due under this Note shall not in any way release or affect the liability of Borrower under this Note or constitute an extension of the time of performance for any other obligation of Borrower.

(b) There are no verbal or other agreements which modify or affect the terms of this Note. This Note may only be changed, modified or discharged by a written agreement signed by the party against whom such change, modification or discharge is sought.

(c) Borrower hereby (i) waives presentment for payment, demand and protest and notice of protest, acceleration, or dishonor and non-payment of this Note, (ii) consents to any extension of time of payment hereof or of any installment hereof, and (iii) agrees to the release of any party liable for this obligation, and any such extension, modification or release may be made without notice to or the approval of any of said parties and without in any way affecting or discharging this liability.

(d) Borrower acknowledges Lender has no obligation whatsoever to renew, modify or extend this Note or to refinance the indebtedness under this Note upon the maturity thereof.

(e) Lender shall have the right to accept and apply to the outstanding balance of this Note any payments received from Borrower after the due date therefor, whether this Note has been accelerated or not, without waiver of any of Lender's rights to continue to enforce the terms of this Note and to seek any and all remedies.

(f) If any provision contained in this Note shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein; and, to the fullest extent permissible under law, such provision shall be modified (by the parties, and if Borrower refuses, then by a court) to be valid, legal or enforceable, and to be closest in intent, purpose and effect to the provisions which are invalid, illegal or unenforceable.

(g) Nothing herein shall be deemed or construed to create the relationship of (i) principal and agent, (ii) partnership or association, (iii) joint venturers, (iv) employer and employee, or (v) fiduciary and beneficiary, between a Borrower (on one side) and Lender (on the other side).

(h) All personal pronouns and defined terms used herein, whether used in the masculine, feminine or neuter gender, shall include all other genders; the singular shall include the plural and vice versa. Titles of articles and sections are for convenience only and in no way define, limit, amplify or describe the scope or intent of any provisions hereof.

5

Case 1:26-cv-24508-CMA   Document 1-4   Entered on FLSD Docket 06/30/2026   Page 7 of 7

11.    **Execution:** Borrower executes this Note as a principal and not as a surety.  If there is more than one Borrower, each Borrower shall be jointly and severally liable under this Note.

12.    **Counterparts:**  This Note may be executed in counterparts, all of which shall constitute one and the same instrument.  Each signatory shall deliver one (1) "wet-ink", hard-copy original of its signature to Lender.

IN WITNESS WHEREOF, Borrower has duly authorized, executed and delivered this Note effective as of July1, 2025.

DIAMOND BRIGHT CAR CARE, LLC

By:_____
Its Authorized Signer

FLEX Auto Rentals, LLC

By:_____
Its Authorized Signer

_____
Corrado Vaccaro

6