# EXHIBIT 7



LINDA C. MCFEE

Direct Dial: (816) 674-7950
Email: linda@aimlawgroup.com

January 28, 2026

**<u>Via email and Regular Mail</u>**
Flex Auto Rentals, LLC
3411 NW 72nd St. Suite A
Miami, FL 33122
Flexcarsmiami@gmail.com

Diamond Brite Car Care, LLC
920 West Main Street
New Britain, CT 06053
jnjmotorsales@gmail.com

Corrado Vaccaro
1040 Biscayne Blvd., Unit 1001
Miami, FL 33122
Flexcarsmiami@gmail.com

> **Re:   Notice of Default of that Certain Secured Promissory Note Dated July 1, 2025 in Favor of JSMFP XII, LLC**

Dear Sirs:

I represent JSMFP XII, LLC ("Lender"). Please take notice that an Event of Default has occurred under that certain Secured Promissory Note dated July 1, 2025 made by Flex Auto Rental, LLC, Diamond Brite Car Care, LLC, and Corrado Vaccaro (collectively "Borrower") in favor of Lender in the principal amount of $1,250,000 (the "Note").  In particular:

(a)      The Note is secured by the Collateral, consisting of "titles to Vehicles acquired by Borrower or Flex Auto Rental, LLC, with an aggregate wholesale/liquidation value of $2,000,000, which such titles shall be approved by Lender in its sole discretion and shall expressly identify and reflect Lender's lien on and against such Vehicle."  The Note requires Borrower to obtain and deliver the Collateral to Lender to be held in Escrow pending payment in full of the Note.  The Note further requires Borrower, in the event of any sale of the Vehicles, to substitute and deliver to Lender titles to other comparable Vehicles, as approved by Lender.  As of the date of this letter, Borrower has failed and refused to obtain and deliver to Lender Collateral sufficient to maintain the aggregate wholesale/liquidation value of $2,000,000 as required by the Note.  According to Lender's records and publicly available data, the Collateral that has been obtained and delivered

Diamond Brite Car Care, LLC
Flex Auto Rentals, LLC
Corrado Vaccaro
January 28, 2026
Page 2

by Borrower to Lender under the Note has an aggregate wholesale/liquidation value of only $1,004,491, almost $1,000,000 less than required by the Note; and

(b)      Borrower represented, covenanted and agreed that the proceeds of the loan evidenced by the Note "are for commercial purposes only to be used in connection with Borrower's acquisition and resale of luxury vehicles (the "Vehicles") and are not in any way intended to be used and shall not be used for any personal or consumer purposes." Lender has learned that Borrower has violated this covenant by using proceeds from the Note for purposes other than the acquisition of Vehicles, including for Borrower's own personal expenses and/or for third party investments unrelated to acquisition of the Vehicles.

These events constitute an Event of Default under subsections (c), (e), and (g) of paragraph 4 of the Note. In addition, it appears that Borrower fraudulently induced Lender to loan $1,250,000 to Borrower with no intention to use the money for the restricted purpose set forth in the Loan or to provide Lender with adequate security through substituted Collateral.

Pursuant to paragraph 5 of the Note, Lender hereby accelerates all amounts of principal interest due and owing under the Note (the "Loan Balance"). As of February 1, 2026, the Loan balance is $1,270,833.33, which consists of the principal amount of $1,250,000 and interest in the amount of $20,833.33. In addition, starting on February 1, 2026, Lender will charge Borrower the default rate of interest of 24.9% on the Loan Balance until such Loan Balance, and all accrued interest, costs, expenses and legal fees incurred by Lender as a result of Borrower's default are paid in full.

Lender hereby provides notice to Borrower pursuant to paragraph 5 of the Note that Lender intends to take possession of the Vehicles for which Collateral has been delivered to Lender, sell the Vehicles at a public or private sale, retain and apply the proceeds of such sale to the amounts due and owing to Lender under the Note and bring legal proceedings against Borrower to obtain a deficiency judgment against Borrower. Pursuant to paragraph 6 of the Note, Borrower is obligated to pay to Lender all costs and expenses, including attorneys' fees, incurred by Lender in collecting all amounts due and owing by Borrower under the Note.

Thank you for your attention to this matter. Lender reserves all rights. Govern yourselves accordingly.

Sincerely yours,
**AIM Law, LLC**

*Linda C. McFee*

Linda C. McFee

Cc:  Paul J. Battista, Esq. (PJBattista@Venable.com)
      Stuart Kalb, Esq. (srkalb@scorpionholdings.net)